UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH GALE,

                Petitioner,

                              CASE NO. 07-CV-14956
v.                              HONORABLE NANCY G. EDMUNDS

BRUCE CURTIS,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Joseph Gale ("Petitioner"), a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree criminal sexual conduct, Mich. Comp. L. § 750.520b(1)(a) (victim under 13 years old), following a jury trial in the Cheboygan County Circuit Court and was sentenced to eight to 20 years imprisonment in 2002. In his petition, he raises claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel.

Respondent has filed a motion to dismiss the petition for failure to comply with the applicable statute of limitations. For the reasons set forth, the Court agrees with Respondent that the petition is untimely and dismisses it for failure to comply with the one-year statute of

1

limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's conviction arises from his sexual assault of his granddaughter in 1998. Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims of prosecutorial misconduct and improper amendment to the information. The Michigan Court of Appeals affirmed his conviction. *People v. Gale*, No. 243283, 2004 WL 1057766 (Mich. Ct. App. May 11, 2004) (unpublished). Petitioner filed an application for leave to appeal this decision with the Michigan Supreme Court, which was denied. *People v. Gale*, 471 Mich. 949, 690 N.W.2d 108 (Dec. 29, 2004).

On November 21, 2005, Petitioner filed a motion for relief from judgment with the state trial court raising his prosecutorial misconduct claims, which was denied on December 9, 2005. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel, which was denied "for failure to meet the burden of establishing entitled to relief under MCR 6.508(D)." *People v. Gale*, No. 267319 (Mich. Ct. App. July 10, 2006) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Gale*, 477 Mich. 946, 723 N.W.2d 853 (Nov. 29, 2006).

Petitioner, through counsel, filed his federal habeas petition on November 20, 2007. Respondent filed the instant motion to dismiss the petition as untimely on June 3, 2008. Neither Petitioner nor his counsel have filed a reply to the motion.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner's direct appeal on December 29, 2004.

Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his conviction became final on March 29, 2005. *See Lawrence v. Florida*, _ U.S. _, 127 S. Ct. 1079, 1083-84 (2007) (noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court). Accordingly, Petitioner was required to file his federal habeas petition on or before March 29, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment on November 21, 2005. At that point, 236 days of the one-year period had run. The one-year period was then tolled while the motion was pending in the state courts. The Michigan Supreme Court denied leave to appeal on November 29, 2006. The one-year period was thus tolled until that date. The one-year period resumed running the next day, *see Lawrence*, _ U.S. at _, 127 S. Ct. at 1084 (holding that the 90-day period for seeking certiorari to the Supreme Court following state post-conviction review does not toll the one-year limitations period), and expired 129 days later, on or about April 7, 2007. Petitioner filed his habeas petition on November 20, 2007. Thus, the one-year limitations period expired well before he filed his petition. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts. His habeas petition is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth circumstances which caused him to file his federal habeas action after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer for a period of time, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d

5

1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-38 (2006) (reiterating that a federal habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

"A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The Sixth Circuit has

6

recognized that the actual innocence exception should "remain rare" and only be applied in the "extraordinary case." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner has made no such showing. His own self-serving assertions of innocence are insufficient to support his actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner has not shown that he is entitled to equitable tolling of the one-year period. His petition is therefore time-barred.

## IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 16, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager